# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2021 | **DATE** | 8/10/2010 |
| **CASE TITLE** | Convergence Aviation, Ltd. et al. vs. United Technologies Corp. et al. | | |

**DOCKET ENTRY TEXT**

For the reasons provided herein, the Court denies Defendant Jetprop, LLC's motion for protective order [doc. no. 78].

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Litigation, even of cases involving trade secrets and other confidential information, has historically been open to the public. *See Jessup v. Luther*, 277 F.3d 926, 927-28 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000). Courts should therefore secrete generally public information only if good cause is shown. *Jessup*, 277 F.3d at 929; *Union Oil*, 229 F.3d at 568; *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999); *In re Krynicki*, 983 F.2d 74, 76-77 (7th Cir. 1992).

In this case, the Court finds that the parties have not shown good cause to seal the information sought to be protected by the Agreed Confidential and Proprietary Information Protective Order ("Order"). Therefore, the Court cannot enter the Order.

As an initial matter, the parties fail to define the term "confidential" in the definition section. The parties define "protected information" but do not include a definition of what is "protected" *See Citizens*, 178 F.3d at 945-46; *In re Krynicki*, 983 F.2d at 77-78. The Order defines as "protected information" as information that is *deemed to be protected information by any party to which it belongs.*" First, the italicized portion should be stricken because such a standard improperly shifts the Court's determination from whether information is confidential to whether a party believes information is confidential. Further, the Order's preamble describes that the parties seek to protect "discovery materials that *may* contain trade secret or other confidential research, technical, financial, marketing or other proprietary commercial information . . . or that *may* contain confidential information affecting Party's privacy rights . . . ." This description is far too broadly written and unworkable. The term "may" must be stricken. The parties fail to show as to any certain specific information, "the extent to which it is known outside the business; the extent to which it is known by employees and others involved in the business; the measures taken to guard the information's secrecy, the value of the information to the business or its competitors; the amount of time, money, and effort expended in the development of the information; and the ease or difficulty of duplicating or properly acquiring the information." *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998). Further, "[t]o establish good cause under Rule 26(c), the courts have generally required specific examples of articulated reasoning, as opposed to stereotyped and conclusory statements. *Id.* at 341 (quotations omitted). With respect to the claim of confidential research, technical, financial, marketing or other proprietary commercial information, this standard demands that the company prove that disclosure will result in a clearly defined and very serious injury to its business. *Id.* (quotations omitted).

Second, the Order, specifically ¶ 19 must be modified to state that entire pleadings must not be filed under seal, *see Union Oil*, 220 F.3d at 569, and that unsealed versions of any pleading (redacting only protected information) must be filed in addition to sealed unredacted versions.

Third, ¶ 18 of the Order should have explicitly stated that either a party *or an interested member of the public* may challenge the confidential designation. *See Citizens*, 178 F.3d at 946.

Fourth, the Order (specifically ¶ 31) should be modified to exclude any confidential material filed with the Court because the

| STATEMENT |
|---|
| Court strictly and fully enforces Local Rule 26.2(g). The third sentence of ¶ 33 shall be stricken because the Court will not retain jurisdiction over this case merely to enforce a Protective Order after the conclusion of the case.<br><br>    Fifth, the Court strikes ¶ 33 to the extent that it attempts to create personal jurisdiction over persons and entities who have not entered into the non-disclosure agreement to be bound to confidential and proprietary information protective order. |