# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2021 | **DATE** | 10/26/2010 |
| **CASE TITLE** | Convergence Aviation, Ltd., et al. vs. Dallas Airmotive, Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons provided herein, the Court denies defendant JetPROP, LLC's motion for protective order [doc. no. 115].

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Court ordered protection of proprietary information and trade secrets is permitted upon a showing of good cause. *See Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002). In this case, the Court finds that the party has not shown good cause to seal the information sought to be protected by the Agreed Confidential and Proprietary Information Protective Order ("Order"). Therefore, the Court cannot enter the Order.

     As an initial matter, the party's definition of confidential is too broad. *See Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999); *In re Krynicki*, 983 F.2d 74, 77-78 (7th Cir. 1992). First, the Order defines as "confidential" information including "*but . . . not . . . limited to the following*." The italicized portion of this definition should be stricken because a protective order cannot give "each party carte blanche to decide what portions of the record shall be kept secret." *Citizens*, 178 F.3d at 945. Second, the categories of confidential information in ¶¶ 2(j)-(l) are too broadly written and unworkable. *Id.* Third, the Order fails to define the term "product" in ¶ 1, and the term "protected" in ¶ 3. *See Citizens*, 178 F.3d at 945-46; *In re Krynicki*, 983 F.2d at 77-78.

     Further, the Order defines as "protected information" information that is "*deemed to be protected information by any party to which it belongs*." The italicized portion should be stricken because such a standard improperly shifts the Court's determination from whether information is confidential to whether a party believes information is confidential. Further, the party's Affidavit (Exhibit B) fails to support the extent to which the information defined by the party as confidential in ¶¶ 2 (j)-(k) is "known outside the business; the extent to which it is known by employees and others involved in the business; the measures taken to guard the information's secrecy, the value of the information to the business or its competitors; the amount of time, money, and effort expended in the development of the information, and the ease or difficulty of duplicating or properly acquiring the information." *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998). Additionally, with respect to the claims of confidential financial and marketing information in ¶¶ 2 (i)-(j), this standard demands that the company prove that disclosure will result in a clearly defined and very serious injury to its business. *Id.* (quotations omitted).

| **STATEMENT** |
|---|
|     Fourth, the third sentence of ¶ 36 shall be stricken because the Court will not retain jurisdiction over this case merely to enforce a Protective Order after its conclusion.  Lastly, the Court strikes ¶ 36 to the extent that it attempts to create personal jurisdiction over persons and entities who have not entered into the non-disclosure agreement to be bound to confidential and proprietary information protective order. |
|   |