**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CONVERGENCE AVIATION, LTD., et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | No.    10-cv-2021 |
| | ) | |
| v. | ) | Judge Ronald A. Guzman |
| | ) | |
| PRATT & WHITNEY CANADA CORP., et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT H+S AVIATION, LTD.'S AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AT LAW PURSUANT TO RULE 12(f)**

COME NOW Plaintiffs, CONVERGENCE AVIATION, LTD.; IMAGE AIR OF SOUTHWEST FLORIDA, L.C., a Limited Liability Company, d/b/a IMAGE AIR, LLC; and ONALA AVIATION, LLC. (hereinafter collectively referred to as "Plaintiffs"), by and through their attorneys, HOFF & HERRAN, and in support of their Motion to Strike Defendant H+S Aviation, Ltd.'s (hereinafter referred to as "Defendant") Affirmative Defenses to Plaintiffs' First Amended Complaint at Law pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, state as follows:

The Defendant alleges twenty-six (26) Affirmative Defenses. However, in its Response brief, the Defendant fails to cite to a single alleged fact which would make any of its Affirmative Defenses plausible under the pleading requirements of Federal Rules of Civil Procedure 8 and 9, as articulated in <u>Twombly</u> and <u>Iqbal</u>. Instead, the Defendant attempts to prop up its feeble arguments with non-binding extra-jurisdictional authorities, as well as case law that predates the leading case of <u>Twombly</u>. The Defendant fails to cite to any controlling authority from either the Seventh Circuit Court of Appeals or the Northern District of Illinois for their contention that the federal pleading standards set forth in Rules 8 and 9 do not apply to its Affirmative Defenses.

The pleading standards set forth in Federal Rules of Civil Procedure 8 and 9, and as interpreted in Twombly and its progeny, unquestionably apply to the pleading of affirmative defenses. Quite simply, this is the existing law. See e.g., Reis Robotics USA, Inc. v. Concept Indus., Inc., 462 F. Supp. 2d 897, 905 (N.D. Ill. 2006)("to survive a motion to strike, an affirmative defense: (1) must be properly pled as such; (2) must satisfy the pleading standards set forth in Rules 8 and 9; and (3) must state a claim pursuant to Rule 12(b)(6)"); Bobbitt v. Victorian House, Inc., 532 F. Supp. 734 (N.D. Ill. 1982)("Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure"); see also, Williams v. Jader Fuel Co., Inc., 944 F.2d 1388 (7th Cir. 1991); Heller Fin., Inc., v. Midwhey Powder Co., Inc., 883 F.2d 1286 (7th Cir. 1989). In light of this uncontroverted and unequivocal authority, the Defendant's arguments to the contrary are wholly unwarranted.

The Defendant makes a trivial argument for the modification or reversal of the existing law. The Defendant contends that the federal pleading standards should not apply to affirmative defenses, "in light of the few weeks afforded defendants to answer, compared with the many months or years that a plaintiff may spend investigating and preparing his complaint." See ECF No. 120 at p. 4. This argument is frivolous and should be rejected, accordingly. Additionally, this argument seems to suggest that the Defendant seeks a modification or reversal of Federal Rules of Civil Procedure 12(a)(1) and 15(a)(3) governing the time for serving a responsive pleading, not Rules 8 and 9 governing the General Rules of Pleading.

Furthermore, the Defendant attempts to distinguish its deficient allegations from the context of controlling authority and the ambit of Rules 8 and 9 by curiously stating that, "while [Defendant] has labeled its defenses as 'affirmative defenses,' many of them are more accurately labeled as mere defenses." See ECF No. 120 at p. 2. As such, and by the Defendant's own incredible admission, the nature of these allegations are vague and ambiguous – even to the

Defendant. The Defendant's Affirmative Defenses should be stricken on this ground alone. As the Defendant itself points out, pursuant to Rule 8, "a party must state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A) (emphasis added). By the Defendant's own admission, the convoluted and nebulous nature of the Defendant's Affirmative Defenses belies the federal pleading standards set forth in Rule 8. These allegations simply do not provide the Plaintiffs with proper notice of the Defendant's defenses, including – by the Defendant's own admission – who carries the burden of proof. See ECF No. 120 at p. 2.

Moreover, the Defendant states that, "defenses – rather than affirmative defenses – may not be stricken under the Twombly/Iqbal standard." See ECF No. 120 at p. 2. In support of this remarkable legal proposition, the Defendant cites to dicta in a footnote from one unpublished case from the Western District of New York – a case which was subsequently overruled. See Tracy v. NVR, Inc., 667 F. Supp. 2d 244 (W.D.N.Y. 2009). As such, this baseless contention is not worthy of consideration. Again, the Defendant cites to no authority from either the Seventh Circuit or the Northern District in support of this contention.

The Defendant also contends that its, "defenses contain a level of detail consistent with the facts that [Defendant] knew at the time its Answer was filed, and appropriate at the very early stage of this litigation." See ECF No. 120 at p. 4. The Defendant again fails to cite to any binding authority whatsoever in support of this contention. Contrary thereto, the controlling authority clearly states that, "Rule 8 marks a notable and generous departure from the hyper-technical, code pleading regime of a prior era, but it does not unlock the doors of discovery for a [party] armed with nothing more than conclusions." Iqbal, 129 S. Ct. at 1950. Thus, the Defendant is precluded from now asserting Affirmative Defenses that are mere legal conclusions and later seeking discovery or other support for those conclusory defenses. This proposition is

3

tantamount to putting the cart before the horse, and is not allowed by the Federal Rules of Civil Procedure. Thus, the Defendant's Affirmative Defenses should be stricken.

Finally, the Defendant proposes filing amended Affirmative Defenses in an attempt to cure the current deficiencies. See ECF No. 120 at pp. 1-2 and p. 5. Pursuant to Rule 15, leave to file amended pleadings should be given "when justice so requires." Fed. R. Civ. P. 15 (2010). Here, the Defendant fails to state how justice would be served by granting leave to file amended Affirmative Defenses. Moreover, the Defendant has admitted that its Affirmative Defenses already set forth all of the facts of which the Defendant currently has knowledge. See ECF No. 120 at p. 4. Nevertheless, the Plaintiffs have no objection to the Defendant filing amended Affirmative Defenses, and consent to same if the amended Affirmative Defenses include the necessary factual allegations and otherwise comply with the requirements of Rules 8 and 9, as interpreted by Twombly and its progeny.

Thus, in summary, the federal pleading standards apply to affirmative defenses. A modification or reversal of this existing law is unwarranted. The Defendant's twenty-six Affirmative Defenses are governed by Rules 8 and 9, as well as the controlling interpretation thereof by Twombly, Iqbal and their progeny. This Court is not bound to any extra-jurisdictional authorities cited by the Defendant. Nevertheless, although the Defendant states that it has already pled the facts within its knowledge, the Plaintiffs do not object to granting leave to amend the deficiencies and include the necessary factual allegations.

In conclusion, the Court in Iqbal stated that, while legal conclusions can provide the framework of a claim, they must be supported by factual allegations. Iqbal, 129 S. Ct. at 1950. Only when there are well pleaded factual allegations should a court assume their truth and determine whether they plausibly give rise to relief. Id. Here, the Defendant contends that the Plaintiffs' Motion to Strike is overly technical. See ECF No. 120 at p. 3. However, the

Defendant fails to plead a single fact in support of its defective Affirmative Defenses. These Affirmative Defenses are insufficiently pled, are nothing more than legal conclusions, and are completely devoid of any factual allegations whatsoever. Therefore, the Affirmative Defenses pled by the Defendant in its Answer to the First Amended Complaint at Law do not meet the pleading standards of Rules 8 and 9 of the Federal Rules of Civil Procedure, and should therefore be stricken pursuant to Rule 12(f).

WHEREFORE, Plaintiffs, CONVERGENCE AVIATION, LTD.; IMAGE AIR OF SOUTHWEST FLORIDA, L.C., a Limited Liability Company, d/b/a IMAGE AIR, LLC; and ONALA AVIATION, LLC., respectfully request that this Honorable Court strike Defendant H+S Aviation, Ltd.'s Affirmative Defenses to Plaintiffs' First Amended Complaint at Law pursuant to Rule 12(f) of the Federal Rules of Civil Procedure for failure to meet the pleading standards as described in Rules 8 and 9, and for any other relief deemed just and appropriate.

Respectfully submitted this 12th day of November, 2010.

*Counsel for the Plaintiffs*

/s/ Timothy J. O'Connell

John Scott Hoff, Esquire
Alex Herran, Esquire
Timothy J. O'Connell, Esquire
HOFF & HERRAN
135 South LaSalle, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-8111
E-mail: jsh@aviationattorney.com
ah@aviationattorney.com
tjo@aviationattorney.com