UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| CONVERGENCE AVIATION, LTD.;<br>IMAGE AIR OF SOUTHWEST<br>FLORIDA, L.C., a limited liability<br>company, d/b/a IMAGE AIR, LLC;<br>and ONALA AVIATION, LLC., | |
| Plaintiffs, | No. 10 c 2021 |
| v. | Magistrate Judge Susan E. Cox |
| UNITED TECHNOLOGIES CORP.;<br>PRATT & WHITNEY CANADA CORP.;<br>BBA AVIATION, PLC; DALLAS<br>AIRMOTIVE, INC. (UK), LTD.; H+S<br>AVIATION, LTD.; and JETPROP, LLC, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Convergence Aviation, Ltd., Image Air of Southwest Florida, L.C., and Onala Aviation, LLC, (hereinafter collectively "plaintiffs") filed an amended complaint alleging claims for strict product liability, negligence, breach of contract and breach of warranty for property damage to an aircraft that crashed due to engine failure.[1] In their complaint plaintiffs are suing six parties it believes were involved in the manufacturing, overhauling, or servicing of the aircraft: (1) Dallas Airmotive, Inc. ("Dallas"); (2) H+S Aviation, Ltd. ("H+S"); and (3) Pratt & Whitney Canada Corporation ("Pratt"); (4) BBA Aviation, PLC; (5) Jetprop, LLC ("Jetprop"); and (6) United Technologies Corporation. The plane involved in the crash was a Piper Malibu PA-46 that was converted into a Piper DLX-JetProp in 2002.[2] Prior to the crash, in 2005, plaintiffs allege that the

---

[1] Pls' Amended Compl., dkt. 39.
[2] *Id.* at ¶20.

engine was overhauled by Dallas, at the direction of Pratt.[3]

Here, three motions to strike are at issue. These three motions attack the affirmative defenses filed by three out of the six defendants: (1)Dallas; (2) H+S; and (3) Pratt. For the reasons set forth below, plaintiffs' motions to strike the affirmative defenses filed by Dallas [dkt. 174] and H+S [dkt. 172] defendants are granted in part and denied in part. Plaintiffs' motion to strike Pratt's affirmative defenses is granted [dkt. 173].

**I.     Background**

The allegations in plaintiffs' amended complaint detail an airplane crash that occurred on January 8, 2008, in Bowling Green, Kentucky.[4] The flight originated in Ocala, Florida and was en route to Bloomington, Illinois when the plane's engine experienced an extreme temperature rise.[5] The pilot was required to shutdown the engine in-flight and was unable to restart it thereafter. An emergency landing followed. During the final approach, the propeller came out of feather and, as a result, the pilot was unable to reach the runway.[6] The plane impacted the ground and caused substantial damage to the hull and the engine.

It is further alleged that the engine was then sent to defendant Pratt for inspection to determine the cause of the failure. On August 31, 2008, Pratt issued a report stating that it was unable to determine the cause of the temperature rise.[7] In February 2009, plaintiffs allege that they worked out a deal to purchase a new engine from defendant Jetprop, but later Jetprop reneged on the deal citing a marketing agreement with Pratt.[8]

---

[3] *Id.* at ¶21.
[4] *Id.* at ¶23.
[5] *Id.*
[6] *Id.* at ¶24.
[7] *Id.* at ¶26.
[8] *Id.* at ¶27.

## II. Legal Standard

An affirmative defense is one that "rais[es] new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true."[9] There are specifically nineteen items that are considered defenses that must be pleaded "affirmatively," outlined in Federal Rule of Civil Procedure 8(c), but that list is not exhaustive.[10] Courts may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[11] These motions are generally disfavored but may be used to "remove unnecessary clutter from the case."[12] It is only appropriate to strike an affirmative defense when it is facially insufficient.[13] Like pleadings, affirmative defenses must simply articulate "a plausible set of underlying facts."[14] So when complex issues are involved, a motion to strike should be denied.[15] For further guidance, a three part test may be used to examine the sufficiency of affirmative defenses: (1) is the matter properly pleaded; (2) does the defense comply with Federal Rules of Civil Procedure 8 and 9; and (3) does the defense withstand a Rule 12(b)(6) challenge.[16]

## III. Motion to Strike Affirmative Defenses Filed by Dallas [dkt. 174] and H+S [dkt. 172]

With respect to the first two motions, involving Dallas and H+S, all 26 affirmative defenses are identical. In their motions, plaintiffs do not present argument as to each affirmative defense (and

---

[9] *JPMorgan Chase Bank, N.A. v. Mal Corp.,* No. 07-2034, 2009 WL 804049, *1 (N.D. Ill. March 26, 2009)(quoting BLACK'S LAW DISCTIONARY 430 (7th ed. 1999)).
[10] Fed.R.Civ.Pro. 8(c).
[11] Fed.R.Civ.Pro. 12(f).
[12] *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989).
[13] *Heller Financial, Inc.,* 883 F.2d at 1294.
[14] *JPMorgan Chase Bank, N.A.,* No. 07-2034, 2009 WL 804049, *2.
[15] *AEL financial LLC v. City Auto Parts of Durham,* No. 08-3490, 2009 WL 2778078, *9 (N.D. Ill., August 31, 2009).
[16] *In Retail Fund Algonquin Commons, L.L.C. v. Abercrombie & Fitch Stores, Inc.,* 2010 WL 1873725, *1 (N.D. Ill. May 10, 2010); *JPMorgan Chase Bank, N.A.,* No. 07-2034, 2009 WL 804049, *2.

why each is deficient). Plaintiffs, instead, simply argue the broad point that none of the 26 affirmative defenses contain any factual allegations and that all are merely legal conclusions. The only specific affirmative defense plaintiffs reference is the first affirmative defense, which states that none of the claims for relief "state a claim against [defendant] upon which relief can be granted."[17]

For this reason, we will initially address the first affirmative defense. The defense of failure to state a claim upon which relief can be granted, in some circumstances, has been found to be a valid defense.[18] But generally a party may not simply restate the standard for dismissal in an affirmative defense.[19] And plaintiffs are correct that affirmative defenses are subject to the same standards as other pleadings and, thus, must at least put the other party on notice of "shortcomings."[20] If the defense does not explain why plaintiffs fail to state a claim - which here both do not - and where more than one count has been pleaded - which is present in this case - then a reasonable inference cannot be drawn as to the specific "infirmities" defendants are referencing.[21] The first affirmative defense pleaded by both Dallas and H+S, therefore, is deficient and hereby stricken.

Regarding the other 25 affirmative defenses, plaintiffs are correct that they are factually bare. We must consider, however, that at the outset of the case "a defendant may not know until after

---

[17] *See* dkt. 77 at 84; dkt. 103 at 84.

[18] *See E.E.O.C. v. Dots, LLC,* 2010 WL 5057168, *2 (N.D. Ind. 2010)(allowing affirmative defense to stand); *contra Ill. Wholesale Cash Register, Inc. v. PCG Trading, LLC,* No. 08 C 363, 2009 WL 1515290, *2(N.D. Ill., May 27, 2009)(finding the "proper vehicle for a party to establish a failure to state a claim" to be through a Rule 12(b)(6) motion); *see also Sayad v. Dura Pharmaceuticals, Inc.,* 200 F.R.D. 419, 423 (N.D. Ill. 2001)(holding that an appropriate compromise is to strike the word "affirmative" from a failure to state a claim defense, which then leaves the "import of Rule 84 and Form 20 intact.").

[19] *Thomas v. Exxon Mobil Corp.,* No. 07 C 7131, 2009 WL 377334, *2 (N.D. Ill. Feb. 11, 2009); *see also Instituto Nacional de Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank & Trust Co.,* 576 F.Supp. 985, 989 (N.D.Ill.1983)(noting that a true affirmative defense "'raises matters outside the scope of plaintiff's prima facie case...'" quoting 2A Moore's Federal Practice ¶ 8.27[4], at 8-260).

[20] *Id.*
[21] *Id.*

discovery the factual specifics of" a particular claim, so striking a somewhat bare affirmative defense may not be appropriate.[22] Even so, an affirmative defense that is nothing more than a denial of an allegation is also not proper.[23] "'The basic concept of an affirmative defense is an admission of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable.'"[24] And despite both plaintiffs' and defendants' failure to individually address each affirmative defense, we must briefly do so to properly address the motions.

The second, third, and fourth affirmative defenses alleged by Dallas and H+S are arguably superfluous. Essentially, defendants asserts that: damages suffered by plaintiffs were caused by someone else; they had no knowledge and, thus, no duty to warn; and any warning would not have prevented the accident. With the exception of the claim that another entity caused the damage, defendants already asserted these defenses in their answers to the complaint when they denied plaintiffs' allegations.[25] Courts have, nonetheless, stated that pleading matters that could also be asserted as simple denials do not always warrant a motion to strike, as that "will not promote the disposition of the case on the merits..."[26] If a defendant is in any doubt as to the ability to put a matter in issue under a denial, there is reason to do so.[27] But "[d]efenses are not made more persuasive by repetition."[28] With this in mind, we deny the motion as to the second affirmative defense but strike the third and fourth affirmative defenses because they are essentially reiterations of defendants' answers and are, therefore, redundant.

---

[22] *See In Retail Fund Algonquin Commons, L.L.C..,* 2010 WL 1873725 at *2.
[23] *See Thomas,* 2009 WL 377334 at *2.
[24] *Id.* (quoting *Indeca*, 576 F.Supp. at 989 (emphasis in original)).
[25] *E.g.,* dkt. 77, Answer to Amended Compl. ¶¶ 204, 206.
[26] *Bobbitt v. Victorian House, Inc.,* 532 F.Supp. 734, 736-37 (D.C. Ill. 1982).
[27] *Id.* at 737 (noting that a "'defendant should be encouraged to plead a defense affirmatively if he is in any doubt as to his ability to put the matter in issue under a denial.'" (quoting 5 Wright and Miller, Federal Practice and Procedure 278 at 351-52)).
[28] *Bobbitt,* 532 F.Supp. at 739.

Defendants' fifth affirmative defense is no affirmative defense at all but, rather, a statement with respect to the determination of risk by the trier of fact. It is, therefore, stricken.

The sixth affirmative defense is similar to the second in that it claims another entity is at fault. But this defense also lacks specific facts in that it provides no meaningful notice as to what plans or specifications, created by the other entity, were defective. Because it is insufficiently pleaded, it is also stricken.

The seventh affirmative defense alleges that due to sufficient labeling, and reasonable warnings, the defendants fulfilled any possible duty they had. This broadly fits within the basic concept of an affirmative defense, which "is an admission of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable."[29] But defendants to not specify what labeling or warnings specifically absolve them from a duty. This defense is also stricken as insufficient.

The eight affirmative defense alleges, again, that some other entity caused plaintiffs' damages. This has been covered by defendants' second affirmative defense and in defendants' answers to the allegations regarding proximate cause in the complaint. The defense is thus stricken as redundant.

The ninth and tenth affirmative defenses allege that any damage to plaintiffs was caused by another entity's modification, misuse, or removal of the defendants' products, over whom defendants had no control. Both are the same as the eighth affirmative defense, just with more wording, or a slight variation of language. As noted, this topic was broadly covered in the second affirmative defense. This is nothing more than redundancy. Both are, thus, stricken.

---

[29] *See Thomas,* 2009 WL 377334 at *2.

The eleventh affirmative defense is also not properly pleaded. Defendants appear to be making a statement, rather than an affirmative defense. Defendants assert that any judgement against them should be "diminished" to an amount that represents the other entities' degree of negligence or fault. A potential "reduction" of liability does not defeat plaintiffs' claims, and "does not constitute an avoidance."[30] This defense is also stricken.

The twelfth, thirteenth, fourteenth, and fifteenth affirmative defenses allege: the aircraft was sold to a knowledgeable user; the components were certified by the Federal Aviation Administration; defendants complied with the applicable state statutes; and the design was "state of the art." Though these may be facts defendants will show, they do not fit within the standards required for affirmative defenses: if defendants succeed in proving these claims, plaintiffs are not necessarily then barred from recovering damages.[31] We strike these defenses.

The Sixteenth, Seventeenth, eighteenth, nineteenth, and twentieth affirmative defenses allege the following: plaintiffs may lack standing; plaintiffs' claims may be barred due to misjoinder of the parties; some damages may be barred because of prior settlements; some damages may be barred because plaintiffs have been compensated; and plaintiffs' actions may not be governed by Illinois law. This appears to be a classic example of defendants acting as "the cautious pleader" in that they asserted as affirmative defenses anything that might possibly fall into the category of something that "suggests some other reason why there is no right of recovery."[32] Though we recognize that defendants are "encouraged to plead" defenses affirmatively if there is any doubt as to the ability

---

[30] *See Indeca*, 576 F.Supp. at 989-90.
[31] *See Indeca*, 576 F.Supp. at 989.
[32] *See Bobbitt,* 532 F.Supp. at 736(acknowledging that it is prudent to plead all possible affirmative defenses, "even though that approach may lead to pleading matters as affirmative defenses that could have been set forth in simple denials.").

to "put the matter in issue under a denial,"[33] these assertions are far too deficient. Defendants have failed to state, for example, what claims plaintiffs have no standing to pursue or what claims may be barred by misjoinder. These five defenses are stricken.

Defendants' twenty-first affirmative defense alleges that plaintiffs' filing of this lawsuit was, perhaps, before the conclusion of the accident investigation. This is not a defense at all. It is, thus, stricken.

The twenty-second, twenty-third, and twenty-fourth affirmative defenses all involve the issue of warranty: all warranties provided by defendants were listed in the agreement; all warranties were explicitly disclaimed; and plaintiffs were not in privity with defendants so they may not rely on a breach of warranty theory. The twenty-second and twenty-third affirmative defenses are stricken. Defendants answered plaintiffs' complaint, including the warranty count, and denied these allegations. As to the claimed lack of privity in the twenty-fourth affirmative defense, it will stand.

The twenty-fifth affirmative defense alleges that some of the damages may not be recoverable. This is not a proper affirmative defense and certainly fails to raise any "new facts" that if proven would defeat plaintiffs' claims. As noted, the potential "reduction" of liability is not a defeat of plaintiffs' claims.[34] It is, therefore, stricken.

Defendants' last, twenty-sixth, affirmative defense claims plaintiffs' action is barred by the statute of repose found in the General Aviation Revitalization Act of 1994. A statute of repose defense is of course similar to the specifically enumerated affirmative defense of "statute of limitations" found in Rule 8(c). But again, the basic pleading requirements must be met and here defendants fail to state what claims are barred by this particular statute. This affirmative defense is,

---

[33]*Id.* at 737.
[34]*See Indeca*, 576 F.Supp. at 989.

therefore, also stricken as insufficiently pleaded.

As a final point, defendants Dallas and H+S have included a "reservation of rights" at the conclusion of their affirmative defenses, providing that they reserve "the right, upon completion of its investigation and discovery, to file such additional defenses as may be appropriate."[35] Plaintiffs also insert this language in their twenty-first affirmative defense, attempting to reserve their right to add defenses related to timing. Federal Rule of Civil Procedure 15 governs amendments to pleadings. As has already been noted by a court in this district, defendants cannot "'abrogate the Rules of Federal Procedure and hold the Court hostage'" to their preference to later amend their pleadings.[36] This attempt by defendants to ensure their right to amend their pleadings at a later date is stricken with prejudice. If defendants wish to amend their pleadings at some point in the future, they may seek leave of court to do so under Rule 15.

## IV. Motion to Strike Affirmative Defenses filed by Pratt [dkt. 173]

Plaintiffs next seek to strike the five affirmative defenses filed by Pratt, which assert: (1) plaintiffs' claims are barred by the Enhanced Warranty; (2) the Enhanced Warranty had expired prior to the occurrence alleged in the Complaint; (3) plaintiffs seek damages that are barred by the terms of the Enhanced Warranty; (4) the negligence, wrongful conduct, misuse, and/or assumption of risk of plaintiffs' agents and/or employees was the cause of plaintiffs' alleged damages, thus, plaintiffs' claims are subject to comparative fault and contributory negligence; and (5) plaintiffs' claims may be barred because of their failure to mitigate. Plaintiffs again argue the broad point that these affirmative defenses do not meet the basic pleading requirements of Rule 8 and 9 and that none

---

[35] Dkt. 77 at 88; dkt. 103 at 88.
[36] *Ill. Wholesale Cash Register, Inc.*, No. 08 C 363, 2009 WL 1515290 at *2 (quoting *Hayes v. Aqilysis, Inc.*, No. 09 C 727, 2009 WL 891832, *2 (N.D. Ill. Mar. 30, 2009).

of the defenses contain any factual allegations. Though the parties did not do so, the Court will briefly discuss each defense.

The first three affirmative defenses all rely on the Enhanced Warranty agreement, which both plaintiffs and Pratt agree to be relevant to this dispute. But without more, we must agree with plaintiffs; the one sentence claim that the Enhanced Warranty applies is insufficient as a matter of law. It is merely a conclusory allegation that does not meet the pleading requirements of Rule 8. The second affirmative defense is also insufficient in that it only notes that the agreement expired. Pratt fails to specify how this relates to plaintiffs' claims, if at all.[37] The third affirmative defense addresses damages only. Again we note that a potential "reduction" in the amount plaintiffs could be awarded does not defeat plaintiffs' claims, and "does not constitute an avoidance."[38] These three defenses are, therefore, stricken.

We also strike Pratt's fourth affirmative defense. It is not an affirmative defense at all, which we have noted requires it to relate to how the defendant is not liable, but again merely goes to the amount of damages plaintiffs may recover. (Though contributory negligence was originally listed in Rule 8(c) because most jurisdictions held it to wholly defeat a plaintiff's claim, Illinois no longer applies that doctrine).[39] It is also, therefore, stricken.

Finally, Pratt's fifth affirmative defense alleges that plaintiffs failed to mitigate damages. Like the other affirmative defenses pleaded, this is also cursory, and just as brief. Where discovery has "barely begun," the failure to mitigate defense has been held by courts in this district to be

---

[37]*See Siemens Credit Corp. v. Steve Kakos, D.D.S., Ltd.,* No. 94 C 5365, 1995 WL 29618, *11 (N.D. Ill. Jan. 24, 1995)(finding affirmative defenses insufficient where the specifics of the plaintiff's failures were not specified, and where conclusory allegations were pleaded).
[38]*See Indeca*, 576 F.Supp. at 989-90.
[39]*Indeca*, 576 F.Supp. at 989.

sufficiently pleaded without additional facts.[40] But this case is far from barely beginning, having been filed nearly one year ago. So though courts have commonly held that at the early stage of litigation the party raising the affirmative defense is unable to include detailed information about a plaintiff's post-termination conduct, here we find ourselves more closely aligned with Judge Coar's decision in *Codest Engineering v. Hyatt International Corporation*.[41] In that case the court found that where some discovery had already been taken, it was not unreasonable for the defendant to know which of plaintiff's actions constituted its failure to mitigate damages.[42] The court also acknowledged that federal notice pleading requires only notice of the "nature of its defense," but where the defendant provided no facts to put the plaintiff on notice as to the basis for its failure to mitigate (like here), Rule 8 still had to be followed.[43] We, therefore, strike this defense but allow Pratt leave to amend its pleadings, if it can, to conform with Rule 8.

## V.    Conclusion

With regard to the first two motions, plaintiffs' motion to strike the affirmative defenses filed by Dallas [dkt. 174] and plaintiffs' motion to strike the affirmative defenses filed by H+S [dkt. 172], both are granted in part and denied in part. All affirmative defenses and the reservation of rights provisions are stricken, with the exception of affirmative defense numbers 2 and 24. Plaintiffs' motion to strike the affirmative defenses filed by Pratt is granted in its entirety [dkt. 173]. In striking many of defendants' affirmative defenses, we "'note that it is free to cure any technical deficiencies

---

[40] *See Thomas,* 2009 WL 377334 at *4; *see also In Retail Fund Algonquin Commons, L.L.C..,* 2010 WL 1873725 at *2.
[41] 954 F.Supp. 1224 (N.D. Ill. 1996).
[42] *Id.* at 1230.
[43] *Id.* at 1230-31.

by amending its answer to allege additional facts.'"[44] Further status set for April 20, 2011 at 9:30a.m.

**IT IS SO ORDERED.**

**ENTERED:** April 7, 2011

_____
**UNITED STATES MAGISTRATE JUDGE**
**Susan E. Cox**

---

[44] *Fleet Business Credit Corp. v. Nat'l City Leasing Corp.,* 191 F.R.D. 568, 570 (N.D. Ill. 1999) *(citing Bobbitt*, 532 F.Supp. at 737).