# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Susan E. Cox | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2021 | **DATE** | 5/9/2013 |
| **CASE TITLE** | Convergence Aviation, Ltd., et al vs. Dallas Airmotive, Inc., et al | | |

**DOCKET ENTRY TEXT**

Defendant's motion with respect to production of settlement documents is granted [dkt. 300].

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Defendant's motion to dismiss was previously before this Court, at which time we mooted the motion with the exception of the issue regarding whether certain settlement documents would be required to be produced [dkt. 300]. The parties have now fully briefed the issue. We grant defendant's request that plaintiffs turn over materials from AXA and GAB Robins, the insurance companies to whom plaintiffs apparently made claims, and with whom they eventually settled. Plaintiffs argue that under the collateral source rule, the settlement amounts contained within this information may not be admissible at trial. Essentially, the principle is that a wrongdoer will not be relieved of full responsibility for the wrongdoing, and the rule "operates to prevent the jury from learning anything about collateral income."[1] To this point, we agree. Yet plaintiffs rely on this rule to argue against production of these documents in discovery. But admissibility is not the test; instead we look at relevancy of discovery in a broad context.[2] Defendant explains that it is seeking this information not just for the amount of the settlement agreement, but to review the insurance companies' investigation in the occurrence, the analysis of damages, and how they came to their ultimate determination regarding settlement. This information is certainly relevant because, in discovery, relevance "encompasses 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'"[3] And as we noted in open court, the cases plaintiffs cited to support their collateral source argument all addressed this issue at the time of trial. Therefore, even in those contexts, the information had been discoverable despite not being admissible at trial.

    Defendant's motion with respect to production of settlement documents is granted [dkt. 300]. Defendant is also allowed to re-depose Orval Yarger, Alan Robinson, and William Isakson, for the limited purpose of asking any additional questions related to these documents.

---

1. *See Arthur v. Catour*, 216 Ill.2d 72, 78 (2005)(noting the collateral source rule, which provides that "benefits received by the injured party from a source wholly independent of, and collateral to, the tortfeasor will not diminish damages otherwise recoverable from the tortfeasor.").

2. Fed.R.Civ.P. 26(b)(1)(providing that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

[3]. *See Maple Creek Commons Homeowners Ass'n v. State Farm Fire and Casualty Co.,* No. 08-475, 2012 WL 14022, *1 (S.D. Ind. Jan. 4, 2012)(citing *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D 615, 619 (S.D. Ind. 2002).